**BROTHERHOOD OF RAILWAY CAR-MEN (DIVISION OF TCU), Railway Labor Executives' Association, and United Transportation Union, Petitioners,**

v.

**INTERSTATE COMMERCE COMMIS-SION and United States of America, Respondents,**

**and Blackstone Capital Partners, L.P., Chicago & North Western Transportation Company, Midwestern Railroad Properties, Inc., Union Pacific Corporation, and Union Pacific Railroad Company, Intervening Respondents.**

No. 89–2619.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1990.

Decided Oct. 31, 1990.

John O'B. Clarke, Jr., Washington, D.C., for petitioners.

Lawrence Schecker, Washington, D.C., for respondents.

Betty Jo Christian, Washington, D.C., for intervenors.

Before ARNOLD and WOLLMAN, Circuit Judges, and HANSON,* Senior District Judge.

---

* The Hon. William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

PER CURIAM.

This is a petition for review of orders of the Interstate Commerce Commission filed by three labor organizations, Brotherhood of Railway Carmen, a division of TCU, Railway Labor Executives' Association, and the United Transportation Union. Following the practice of the parties, we shall refer to petitioners as Rail Labor. The statutory respondents are the Interstate Commerce Commission and the United States. In addition, Blackstone Capital Partners, L.P., Chicago & North Western Transportation Company, Midwestern Railroad Properties, Inc., Union Pacific Corporation, and Union Pacific Railroad Company have intervened as respondents in support of the orders under attack.

This proceeding arises out of the efforts of Blackstone Capital Partners, L.P., to acquire CNW Corporation, parent company of the respondent Chicago & North Western Transportation Company (CNWT) and of other carriers by rail. In order to provide long-term financing for the acquisition, CNWT proposed to issue various securities and to assume various liabilities and obligations. These transactions require either approval by the Interstate Commerce Commission, or action by the Commission to exempt them from the requirements of the Interstate Commerce Act.

As part of the transaction in issue, the Union Pacific Corporation (UP) bought $100,000,000 worth of preferred stock in a new corporation created to own and control CNWT. This investment compares with a total value of $1.3 billion for the entire transaction.

The first order under review was entered in Finance Docket No. 31493, *Blackstone Capital Partners, L.P.—Control Exemption—CNW Corporation and Chicago & North Western Transportation Company*, 5 I.C.C.2d 1015 (1989). In this order, the ICC exempted from its normal review processes Blackstone's acquisition of control of CNW and its carrier subsidiaries. The Commission also declined to revoke a class exemption covering issuance of securities and assumption of obligations by CNWT and one of its subsidiaries, the purpose of which issuance and assumption was to finance the acquisition.

The second decision under review was also entered in Finance Docket No. 31493. It is referred to as Decision No. 7 and is captioned *Blackstone Capital Partners, L.P.—Control Exemption—CNW Corporation and Chicago & North Western Transportation Company* (not printed), served September 25, 1989. In this order, the Commission determined that UP's investment in CNW did not result in UP's having obtained control over CNWT. Certain future contingent rights granted to UP as part of the arrangement would be addressed, the Commission held, in another proceeding, and UP would not be permitted to exercise those rights unless the Commission approved, or, in the alternative, determined that no approval was required. Thus, the question of UP's control was effectively severed from the remainder of the transaction, and the Commission committed itself to address this question at a later time. In fact, UP has now filed an application for approval of a trackage-rights agreement, as well as the various contingent rights it acquired from CNW at the time of its purchase of preferred stock. Finance Docket No. 31562, *Union Pacific Railroad Company and Missouri Pacific Railroad Company—Trackage Rights Over Lines of CNWT Between Fremont, NE/Council Bluffs, IA, and Chicago, IL*, 54 *Fed.Reg.* 44820.

■ The respondents first contend that Rail Labor lacks standing to challenge the orders in question. We believe that standing exists. Essentially, Rail Labor contends that the acquisition is so highly leveraged as to threaten the future viability of CNWT, to the detriment, among others, of those of its employees whom Rail Labor represents. Respondents contend that this alleged injury in fact is too speculative to justify standing under Article III. In our view, however, the issue of standing, when thus phrased, merges with the merits of one of the contentions made by Rail La-

**1138**

bor—that is, that the Commission's determination that the acquisition will not cripple CNWT financially is not supported by substantial evidence, is contrary to law, and is arbitrary and capricious. Compare *United Transportation Union v. Interstate Commerce Commission,* 891 F.2d 908, 919 (D.C.Cir.1989) (Ruth B. Ginsburg, J., concurring), *cert. denied,* —— U.S. ——, 110 S.Ct. 3271, 111 L.Ed.2d 781 (1990). We believe this argument is better addressed by a holding on the merits, rather than in terms of a lack of Article III standing.

■ As to the merits, after fully considering all of the arguments urged by Rail Labor, we are not persuaded that the orders of the Commission should be set aside. The questions raised, some of which are not insubstantial, all concern either findings of fact as to present control or future financial viability of CNWT, or the interpretation of various provisions of the Interstate Commerce Act, or the exercise by the Commission of expert judgment. As to the issues of statutory interpretation, the Commission's view, though not perhaps the one we would take as an original matter, is not unreasonable, and that is all that is required. As to questions of fact and expertise, we are unconvinced that the Commission's findings are unsupported by substantial evidence on the record as a whole, or that it has abused its discretion, or that it has acted in an arbitrary and capricious manner. The deference we owe to the Commission in matters such as these, though of course not unlimited, is substantial, and that deference is the controlling factor in our decision on these petitions.

The matters involved, while of great importance to the parties, are fact-specific and not of great precedential significance. We therefore forego the filing of a fuller opinion in the interests of a prompt decision.

The petitions for review are dismissed, and the orders of the Commission are affirmed.

It is so ordered.